IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2007

## STATE OF TENNESSEE v. BARBARA ANN BRYANT

**Appeal from the Circuit Court for Tipton County**
**No. 4713    Joseph Walker, Judge**

_____

**No. W2007-00287-CCA-R3-PC  - Filed April 23, 2008**

_____

In Tipton County, Petitioner entered an open guilty plea to three counts of vehicular homicide, one count of vehicular assault and two counts of driving while intoxicated, which were later merged into the first vehicular homicide conviction.  Following a sentencing hearing, the trial court sentenced Petitioner to three consecutive ten-year sentences for the vehicular homicides and a consecutive three-year sentence for vehicular assault.  This resulted in an effective thirty-three-year sentence.  Petitioner was unsuccessful on appeal.  *State v. Barbara Ann Bryant*, No. W2004-01245-CCA-R3-CD, 2005 WL 756252 (Tenn. Crim. App., at Jackson, Apr. 1, 2005), *perm. app. denied*, (Tenn. Oct. 3, 2005).  Petitioner subsequently filed a petition for post-conviction relief.  The post-conviction court denied and dismissed the petition.  After a thorough review of the record, we affirm the post-conviction court's decision based upon the fact that Petitioner did not present the issue to the post-conviction court that she now presents to this Court on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

J. Barney Witherington IV, Covington, Tennessee, for the Appellant, Barbara Ann Bryant.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; Elizabeth Rice, District Attorney General, and Walt Freeland, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 10, 2003, Petitioner, whose blood alcohol content was .27, ran into a pair of motorcycles.  *State v. Barbara Ann Bryant*, 2005 WL 756252, at *1.  Two passengers rode on each

motorcycle. *Id.* As a result of the accident, three of the four victims died. *Id.* The remaining victim had two broken bones in his leg and his ankle was crushed. He had several surgeries as a result of the accident. *Id.*

On April 14, 2004, Petitioner pled guilty to three counts of vehicular homicide based upon intoxication, one count of vehicular assault, and two counts of driving while intoxicated. *Id.* At the conclusion of a sentencing hearing, the trial court sentenced Petitioner to ten years for each vehicular homicide and three years for the vehicular assault, all to be served consecutively, resulting in an effective sentence of thirty-three years. *Id.* The trial court merged the driving while intoxicated convictions into the first vehicular homicide conviction.

Petitioner appealed her sentence to this Court. On appeal, she argued that the trial court erred in determining the length of her vehicular homicide sentences as ten years and in imposing consecutive sentences. *Id.* at *2. This Court held that the trial court improperly applied one enhancement factor but stated that the two remaining enhancement factors supported the imposition of ten-year sentences. *Id.* at *3. This Court also upheld the imposition of consecutive sentences. *Id.* at *4.

On September 7, 2006, Petitioner filed a petition for post-conviction relief. In this petition, she argued that the trial court erred in imposing consecutive sentences, that her guilty plea was involuntary, and that she received the ineffective assistance of counsel. On January 8, 2007, Petitioner filed an amended petition for post-conviction relief. In this petition she also argued that her guilty plea was involuntary.

## Post-conviction Hearing

The post-conviction court held an evidentiary hearing on January 10, 2007. The Petitioner was the sole witness at the hearing. Petitioner testified that her first counsel, whom she retained, was actually not a lawyer. Counsel was then appointed by the court. Petitioner met with trial counsel and her court-appointed lawyer immediately before she entered a plea. Petitioner stated that her retained counsel and trial counsel both told her that she would get eight years for each homicide and the sentences would run concurrently. She stated that they appealed the sentence because the sentences were run consecutively instead of concurrently. She said that trial counsel "said that [she] should" get concurrent sentences, "[h]e didn't say that I would." Petitioner also stated that she made her decision to plead guilty based upon trial counsel's advice. Petitioner stated that she pled guilty because she was guilty. Petitioner believed that by pleading guilty she would receive concurrent sentences. She also stated that she believed counsel was ineffective on appeal because the transcript of her guilty plea was not filed with the record on appeal. Finally, Petitioner also stated that she had a hard time getting in touch with trial counsel by telephone during the appeal process while she was in prison. In a written order filed January 10, 2007, the post-conviction court denied the petition for post-conviction relief.

## ANALYSIS

On appeal, Petitioner argues solely that trial counsel was ineffective for failing to include the transcript of Petitioner's guilty plea in the record on appeal. She makes no other argument regarding trial counsel's performance. The State argues that Petitioner did not present this issue to the post-conviction court and, therefore, the issue may not be raised before this Court. In the alternative, the State argues that trial counsel was not ineffective for failing to include the transcript of the guilty plea.

The State correctly asserts that Petitioner did not include the issue of the inclusion of the transcript of the guilty plea hearing in either of the petitions for post-conviction relief that were filed in the post-conviction court. We note that Petitioner did testify at the post-conviction hearing regarding the failure of trial counsel to include the transcript of the guilty plea. However, post-conviction counsel never argued this issue as a basis for ineffective assistance of counsel. At the post-conviction hearing, post-conviction counsel stated that the original petition stated the issues and that he filed an amended petition elaborating on the entry of an involuntary guilty plea. Therefore, this issue was never presented for the post-conviction court's determination. At the post-conviction hearing, and in the petitions, the allegations of trial counsel's ineffectiveness focused on the fact that Petitioner believed from her discussions with trial counsel that she would receive a shorter sentence and would not receive consecutive sentences. The post-conviction court based its ruling upon these allegations. The post-conviction court's ruling clearly does not address trial counsel's alleged ineffectiveness for failing to include the guilty plea transcript.

When a petitioner raises an issue for the first time on appeal, that issue is waived. *See Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996). In addition, a petitioner may not change theories between the lower court and the appellate court. *State v. Alder*, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001). Because Petitioner did not allege in her post-conviction petitions that counsel was ineffective for failing to file the transcript of her guilty plea hearings on direct appeal, the post-conviction court did not address this issue in its order, this issue is waived. We also note that in the direct appeal of this case this Court noted the lack of a transcript of the guilty plea hearing, however the Court was nevertheless able to address the merits of Petitioner's sentencing issues. *See State v. Barbara Ann Bryant*, 2005 WL 756252, at *4. Therefore, it is highly unlikely that Petitioner would prevail in showing prejudice from counsel's failure to file a transcript of the guilty plea hearing on direct appeal.

## CONCLUSION

For the foregoing reasons, we affirm the determination of the post-conviction court.

_____
JERRY L. SMITH, JUDGE

-3-